AO 91 (Rev. 5/85) Criminal Complaint

# United States District Court

DISTRICT OF Massachusetts

UNITED STATES OF AMERICA

V.

EDRICK SANTOS

**CRIMINAL COMPLAINT**

CASE NUMBER: 04 mj 073

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about September 21, 2004 in Hampden county, in the Springfield District of Massachusetts defendant(s) did, (Track Statutory Language of Offense)

(1) unlawfully possess a firearm
(2) unlawfully possess with intent to distribute a controlled substance
(3) unlawfully use a firearm in furtherance of a drug trafficking crime

in violation of Title 18 and 21 United States Code, Section(s) 922(g)(3), 924(c)(1)(A) and 841(a)(1)

I further state that I am a(n) agent of an ATF Task Force and that this complaint is based on the following
Official Title

facts:
please see attached affidavit

Continued on the attached sheet and made a part hereof: ☒ Yes ☐ No

_____
Signature of Complainant

Sworn to before me and subscribed in my presence,

September 22, 2004                at            Springfield, Massachusetts
Date                                                City and State

Kenneth P. Neiman                              _____
Name & Title of Judicial Officer               Signature of Judicial Officer

This form was electronically produced by Elite Federal Forms, Inc.

## Affidavit of Special Agent James P. Martin

I, James P. Martin, being duly sworn, do hereby depose and state the following:

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms & Explosives ("ATF"), and have been so employed since May 1999. Previously, I was employed as a Police Officer with the Town of Bellingham Massachusetts for approximately five years. I am responsible for investigating and enforcing the federal firearms laws relating to Title 18 United States Code, to include offenses within the Gun Control Act (GTA) of 1968 and the National Firearms Act (NFA). I attended the Criminal Investigator Training Program, at the Federal Law Enforcement Training Center (FLETC), where I received training and instruction as Special Agent, including firearms training, the execution of search and arrest warrants, investigative techniques, and legal instruction, which covered Fourth Amendment searches and seizures. I have attended specialized training known as New Professional Training ("NPT") through ATF, at FLETC, where I received instruction in firearms technology and identification, firearms trafficking, explosives, and arson. I have received training by the DEA in narcotics investigations. During my career as a Special Agent, I have participated in the execution of numerous arrest warrants and search warrants relating to firearms and narcotic offenses.

2.  This affidavit does not contain all the information I possess about this investigation, but is submitted only as a basis for probable cause to believe Edrick Santos ("Santos") did (1) unlawfully possess a firearm in violation of Title 18, United States Code, Section 922(g)(3); (2) unlawfully possess with the intent to distribute a controlled substance in violation of Title 21, United States Code, Section 841(a)(1); (3) unlawfully use a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1)(A).

3.  The information contained in this affidavit is based on my personal involvement in this investigation, my training and experience, my review of documents, surveillance, and information provided to me by other law enforcement officers.

4.  On September 21, 2004, an ATF Task Force executed United States District Court Search Warrant Docket Number 04mj672-KPN[1] at 38 Longhill Street, apartment 1L, in Springfield, Massachusetts. Task force members recovered numerous items from this apartment, including:

>   a. One plastic bag that contained approximately 14 grams of a white powder substance. A field test of this substance was inconclusive.
>
>   b. One plastic bag that contained approximately four grams

---

[1] The search warrant was sealed on September 21, 2004.

2

of a brown substance consistent with heroin. A field test of this substance confirmed the substance is heroin.

   c. Three digital scales

   d. Documents, including mail, that demonstrated Santos' control over the target apartment, 38 Longhill Street, 1L.

5. The above listed items were recovered from a room that was identified, by Santos and by his girlfriend Michelle Matos, as Santos' bedroom. The documents in Santos' name were on the top of a bureau, and the heroin, white powder, and scales were recovered from inside the bureau's drawers. When members of the task force placed Santos in custody at 38 Longhill Street, they recovered more than $3,000.00 in U.S. currency from Santos' pocket.

6. Santos agreed to cooperate with the task force soon after we recovered the above listed items. Santos stated that he had stashed firearms at his mother's apartment in West Springfield. He directed members of the task force to 131 River Street, Building A, Apartment A1 in West Springfield. Once at this apartment, I received consent from the apartment's occupant, Jose Soto[2], to search the apartment. Santos then directed me to look under a couch in the apartment's common room. I recovered the following from inside a large black bag that I found under the couch:

---

[2] Jose Soto is Santos' step-father

3

   a. One semiautomatic rifle

   b. Two magazines compatible with the semiautomatic rifle

   c. Sixty rounds of .223 caliber ammunition, compatible with the semiautomatic

   d. One Smith & Wesson 9 mm handgun

   e. Eight rounds of 9mm ammunition contained in a magazine

   f. One Smith & Wesson .38 Revolver handgun

   g. Fifteen rounds of .38 caliber ammunition

Santos admitted ownership of the above listed items. He claimed that the occupants of the apartment were unaware of the presence of the firearms. Santos stated that he traded ½ ounce of powder cocaine for the 9 mm handgun. According to Santos, he had recently moved the firearms from his apartment at Longhill Street because his children stay with him at the Longhill Street apartment. On September 19, 2004, Task Force Agent Norman Shink contacted the City of Springfield Police Department Records Bureau and conferred with Cadet Collins. Collins told Shink that after a thorough check of the internal gun database revealed that neither Santos nor Matos possessed a License To Carry or a Firearms Identification card.

7.  Santos told me that he sold approximately 1 ounce of cocaine per week. He said that the white powder that we recovered from his bureau was a cutting agent that he used to dilute cocaine for resale. Santos also admitted to being an unlawful user of

controlled substances. Specifically, Santos admitted to using cocaine on a regular basis for the last six months. Santos also stated that he used heroin one time.

8. Based on the foregoing, I believe that probable cause exists to conclude that Edrick Santos did (1) unlawfully possess a firearm in violation of Title 18, United States Code, Section 922(g)(3); (2) unlawfully possess a controlled substance with the intent to distribute a controlled substance in violation of Title 21, United States Code, Section 841(a)(1); and (3) unlawfully use a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1)(A).

_____
James P. Martin
Special Agent
Bureau of Alcohol, Tobacco,
Firearms and Explosives

Subscribed and sworn to before me this 22th day of September 2004.

_____
KENNETH P. NEIMAN
UNITED STATES MAGISTRATE JUDGE

5